**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 22 2025

TAMMY H. DOWNS, CLERK
By:_____
                      DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JEREMIAH STEVENS**                                                                 **PLAINTIFF**

**vs.**                          **Case No.** __4:25-cv-742-JM__

**INFINACORE DISTRIBUTION**                                        **DEFENDANTS**
**CORP.; AMAZON.COM, INC.**

**COMPLAINT**    This case assigned to District Judge __Moody__
                    and to Magistrate Judge __Kearney__

Comes now, Jeremiah Stevens, by and through his undersigned Attorneys who brings this

Complaint against the Defendants, Infinacore Distribution Corp. and Amazon.com, Inc., and

alleges and states:

## I.    INTRODUCTION

1.    This personal injury lawsuit arises out of a spontaneous battery explosion, which

occurred on or about September 12, 2024, on Thomas Avenue at the Little Rock Air Force Base

in Pulaski County, Arkansas causing catastrophic burn injuries to Plaintiff, who brings this claim

pursuant to Arkansas state law seeking remedy for the injuries suffered by him as a result of the

explosion.

## II.    PARTIES

2.    Plaintiff incorporates by reference herein the preceding paragraphs as though stated

word-for-word.

3.    Plaintiff is an adult, resident citizen of Arkansas and has been a resident of Arkansas

and a citizen of the State of Arkansas at all material times referred to herein.

4.    Defendant Infinacore Distribution Corp. ("Infinacore") is now and was at all times

material hereto a duly organized and existing New York corporation with a principal place of

business in New York. Defendant Infinacore distributes, sells, and advertises its products

1

throughout the United States including in Arkansas. Moreover, Defendant Infinacore conducts substantial and continuing business in Arkansas.

5.    Defendant Amazon.com, Inc. ("Amazon") is now and was at all times material hereto a duly organized and existing Delaware corporation with a principal place of business in Washington. Defendant Amazon distributes, sells, and advertises its products throughout the United States including in Arkansas. Moreover, Defendant Amazon conducts substantial and continuing business in Arkansas.

## III.    JURISDICTION AND VENUE

6.    Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

7.    Venue in this Court is proper in this district pursuant to 28 U.S.C. § 1391 (b)(2) in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district and Defendants are subject to personal jurisdiction in this district.

8.    This Court has diversity of citizenship jurisdiction over this case as the citizenship of the Plaintiff is in Arkansas. All Defendants are organized and have their primary places of operation in other states, as set forth above. Therefore, under 28 U.S.C. § 1332 there is complete diversity of citizenship.

## IV.    FACTUAL ALLEGATIONS

9.    Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

10.    On or about July 21, 2024, Plaintiff purchased an InfinaCore P3 Pandora portable battery charger ("P3") from Defendant Amazon in Arkansas (Amazon.com Order #113-8784944-6971424). The purchase order was fulfilled in Arkansas and eventually delivered on July 23, 2024.

11.     On the morning of September 12, 2024, Plaintiff placed the P3 in his pocket before leaving his home to travel to work. He did not notice anything unusual about the P3 before placing it in his pocket and had always used the battery charger in an appropriate and reasonably anticipated manner. During Plaintiff's commute to work, the P3 spontaneously burst into flames while still in Plaintiff's pocket, causing him to suffer severe 2nd and 3rd degree burns.

## V.    FIRST CAUSE OF ACTION – PRODUCTS STRICT LIABILITY AGAINST DEFENDANT INFINACORE

12.     Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

13.     Defendant Infinacore Distribution Corp. designed, manufactured, assembled, distributed, and sold the subject P3.

14.     The P3 was defective and in an unreasonably dangerous condition because, *inter alia,* (1) the charger battery(ies) reached unreasonably and dangerously high temperatures and (2) the P3's temperature sensor failed to provide any protection in cases (like this case) when the P3 was idle and not in use.

15.     The P3 which is the subject of this action was expected to, and did, reach the user and/or consumer without substantial change in the condition in which it was sold and was, at the time of the accident, in essentially the same condition as when it left the hands of Defendant Infinacore.

16.     The P3 manufactured by Infinacore was unreasonably dangerous in design and/or manufacture in that when used in a reasonably anticipated way it spontaneously exploded.

17.     The design of the P3 was particularly defective and unreasonably dangerous because the defective design would not be conspicuous to a user.

18.     It was foreseeable to Defendant Infinacore that the P3, as designed, manufactured and supplied, was in such defective and unreasonably dangerous condition that it would cause harm to its intended users, including Plaintiff.

19.     Defendant Infinacore was aware that the P3, as designed, manufactured, distributed, and sold was defective and unreasonably dangerous, and that a safer design was feasible and available.

20.     The defects and dangers of the P3 were unknown to Plaintiff at the time he was burned and could not have been known to him.

21.     Pursuant to Arkansas Code Ann. § 16-116-101, Defendant Infinacore is strictly liable for all damages proximately caused by the defective and unreasonably dangerous condition of the P3.

22.     As a direct and proximate result of the defective and unreasonably dangerous condition of the P3, the P3 spontaneously exploded and severely burned Plaintiff causing damages in excess of that required for federal diversity jurisdiction.

## VI.     SECOND CAUSE OF ACTION – PRODUCTS STRICT LIABILITY AGAINST DEFENDANT AMAZON

23.     Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

24.     Defendant Amazon.com, Inc. advertised, distributed, sold and shipped the subject P3 to the Plaintiff.

25.     The P3 was defective and in an unreasonably dangerous condition because, *inter alia*, (1) the charger battery(ies) reached unreasonably and dangerously high temperatures and (2) the P3's temperature sensor failed to provide any protection in cases (like this case) when the P3 was idle and not in use.

26.     The P3 which is the subject of this action was expected to, and did, reach the user and/or consumer without substantial change in the condition in which it was sold and was, at the time of the accident, in essentially the same condition as when it left the hands of Defendant Amazon.

27.     The P3 sold by Amazon was unreasonably dangerous in design and/or manufacture in that when used in a reasonably anticipated way it spontaneously exploded.

28.     The design of the P3 was particularly defective and unreasonably dangerous because the defective design would not be conspicuous to a user.

29.     It was foreseeable to Defendant Amazon that the P3, as designed, manufactured and supplied, was in such defective and unreasonably dangerous condition that it would cause harm to its intended users, including Plaintiff.

30.     Defendant Amazon was aware that the P3, as distributed and sold, was defective and unreasonably dangerous, and that a safer design was feasible and available.

31.     The defects and dangers of the P3 were unknown to Plaintiff at the time he was burned and could not have been known to him.

32.     Pursuant to Arkansas Code Ann. § 16-116-101, Defendant Amazon is strictly liable for all damages proximately caused by the defective and unreasonably dangerous condition of the P3.

33.     As a direct and proximate result of the defective and unreasonably dangerous condition of the P3, the P3 spontaneously exploded and severely burned Plaintiff causing damages in excess of that required for federal diversity jurisdiction.

## VII.     THIRD CAUSE OF ACTION – BREACH OF IMPLIED WARRANTIES AGAINST DEFENDANT INFINACORE

34.     Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

35.     The defective and dangerous condition of the P3, and lack of adequate warnings made it unfit for use as a portable battery charger and unfit for the particular purpose as a portable battery charger.

36.     Plaintiff is a third party who would foreseeably use and/or be affected by the P3.

37.     The Arkansas Code Annotated implies warranties of merchantability and fitness for a particular purpose in the sale (§§ 4-2-314, 4-2-315) and leasing (§§ 4-2A-212, 4-2A-213) of goods, including portable battery cell phone chargers.

38.     Defendant Infinacore breached those implied warranties by selling and leasing a defective portable battery charger that violated the warranties of merchantability and fitness for a particular purpose.

39.     As a direct and proximate result of Defendant Infinacore's breach of warranties and pursuant to § 4-2-715 and § 4-2A-520, Plaintiff was severely and catastrophically burned, and he is entitled to an award of actual and consequential damages as previously set forth herein.

## VIII.     FOURTH CAUSE OF ACTION – BREACH OF IMPLIED WARRANTIES AGAINST DEFENDANT AMAZON

40.     Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

41.     The defective and dangerous condition of the P3, and lack of adequate warnings made it unfit for use as a portable battery charger and unfit for the particular purpose as a portable battery charger.

42.     Plaintiff is a third party who would foreseeably use and/or be affected by the P3.

6

43. The Arkansas Code Annotated implies warranties of merchantability and fitness for a particular purpose in the sale (§§ 4-2-314, 4-2-315) and leasing (§§ 4-2A-212, 4-2A-213) of goods, including portable battery cell phone chargers.

44. Defendant Amazon breached those implied warranties by selling and leasing a defective portable battery charger that violated the warranties of merchantability and fitness for a particular purpose.

45. As a direct and proximate result of Defendant Amazon's breach of warranties and pursuant to § 4-2-715 and § 4-2A-520, Plaintiff was severely and catastrophically burned, and he is entitled to an award of actual and consequential damages as previously set forth herein.

## IX. FIFTH CAUSE OF ACTION – FAILURE TO WARN AGAINST DEFENDANT INFINACORE

46. Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

47. Defendant Infinacore had a duty to provide adequate warnings and information to foreseeable users, such as Plaintiff, about the dangers of the P3.

48. The defective design and configuration of the P3 rendered it defective and unreasonably dangerous to persons who used the charger in a reasonable and foreseeable manner or simply placed the charger into their pocket.

49. As a direct and proximate result of Defendant Infinacore's failure to warn, Plaintiff sustained serious burn injuries as previously set forth herein and is entitled to an award of actual damages in an amount to be determined by the trier of fact.

50. Defendant Infinacore's failure to warn users and consumers of a known and serious risk of harm from the use of the product was reckless, willful, wanton, heedless, and in flagrant

7

disregard to public safety. As a result, Plaintiff is entitled to recover punitive and/or exemplary damages in an amount to be determined by the trier of fact.

## X.    SIXTH CAUSE OF ACTION – FAILURE TO WARN AGAINST DEFENDANT AMAZON

51.    Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

52.    Defendant Amazon had a duty to provide adequate warnings and information to foreseeable users, such as Plaintiff, about the dangers of the P3.

53.    The defective design and configuration of the P3 rendered it defective and unreasonably dangerous to persons who used the charger in a reasonable and foreseeable manner or simply placed the charger into their pocket.

54.    As a direct and proximate result of Defendant Amazon's failure to warn, Plaintiff sustained serious burn injuries as previously set forth herein and is entitled to an award of actual damages in an amount to be determined by the trier of fact.

55.    Defendant Amazon's failure to warn users and consumers of a known and serious risk of harm from the use of the product was reckless, willful, wanton, heedless, and in flagrant disregard to public safety. As a result, Plaintiff is entitled to recover punitive and/or exemplary damages in an amount to be determined by the trier of fact.

## XI.    SEVENTH CAUSE OF ACTION – NEGLIGENCE AGAINST DEFENDANT INFINACORE

56.    Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

57.    Defendant Infinacore had a duty to properly and safely design, test, manufacture, maintain, and inspect the P3 portable battery charger that is the subject of this Complaint, to test

the components of the P3, and a duty to place a reasonably safe portable battery charger in the stream of commerce.

58.    Defendant Infinacore knew or should have known that the P3 was inherently dangerous, and defective as previously set forth herein.

59.    Defendant Infinacore had a duty to warn Plaintiff as to any defects of the P3 that is the subject of this Complaint.

60.    Defendant Infinacore violated its duties and was careless, negligent, grossly negligent, reckless, willful, and wanton, in the following particulars:

a)  In designing, manufacturing, and placing into commerce an unsafe portable cell phone battery charger with a high risk of spontaneous explosion;

b)  In failing to properly and adequately design, test, and manufacture the portable battery charger;

c)  In failure to use ordinary care in the marketing of the P3;

d)  In failing to design, manufacture, and sell a portable cell phone battery charger that could be safely used, even though such assembly designs were technologically and economically feasible;

e)  In failing to have discovered that the P3 was defective;

f)  In failing to properly inspect, maintain, configure, and assemble the P3;

g)  In placing the defective and unsafe P3 portable battery charger into the stream of commerce without adequate warnings, thereby exposing users and other third parties in the vicinity to a high and unreasonable risk of injury; and,

h) In failing to create and provide sufficient warnings as to the dangerous propensities of the P3 portable cell phone battery charger to spontaneously explode while sitting idle.

61. As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness, willfulness, and wantonness of Defendant Infinacore, Plaintiff is entitled to an award of actual and consequential damages as previously set forth herein.

62. Defendant Infinacore's conduct in designing, manufacturing, and placing an inherently dangerous product, with a known and serious risk of harm, into the stream of commerce was reckless, willful, wanton, heedless, and in flagrant disregard to public safety. As a result, Plaintiff is entitled to recover punitive and/or exemplary damages in an amount to be determined by the trier of fact.

## XII.    EIGHTH CAUSE OF ACTION – NEGLIGENCE AGAINST DEFENDANT AMAZON

63. Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

64. A seller or distributor has a duty to use ordinary care to inspect a product to protect users of the product from unreasonable harm.

65. A seller or a distributor has a duty to use ordinary care to give a reasonable and adequate warning of dangers in the use of the product if the seller or distributor knows or has reason to know the product is likely to be dangerous.

66. Defendant Amazon is both a "seller" and a "distributor" under Arkansas law in relation to the P3.

67. Defendant Amazon had a duty to properly and safely advertise, distribute, sell, ship, and place a reasonably safe portable battery charger in the stream of commerce.

10

68. Defendant Amazon knew or should have known that the P3 was inherently dangerous, and defective as previously set forth herein.

69. Defendant Amazon had a duty to warn Plaintiff as to any defects of the P3 that is the subject of this Complaint.

70. Defendant Amazon violated its duties and was careless, negligent, grossly negligent, reckless, willful, and wanton, in the following particulars:

a) In advertising, distributing, selling, and placing into commerce an unsafe portable cell phone battery charger with a high risk of spontaneous explosion;

b) In failing to properly and adequately test or inspect the portable battery charger prior to distribution and sale;

c) In failure to use ordinary care in the marketing of the P3;

d) In failing to sell a portable cell phone battery charger that could be safely used, even though safer alternatives were technologically and economically feasible;

e) In failing to have discovered that the P3 was defective;

f) In failing to properly inspect and maintain the P3 prior to shipment;

g) In placing the defective and unsafe P3 portable battery charger into the stream of commerce without adequate warnings, thereby exposing users and other third parties in the vicinity to a high and unreasonable risk of injury; and,

h) In failing to provide sufficient warnings as to the dangerous propensities of the P3 portable cell phone battery charger to spontaneously explode while sitting idle.

71. As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness, willfulness, and wantonness of Defendant Amazon, Plaintiff is entitled to an award of actual and consequential damages as previously set forth herein.

72.     Defendant Amazon's conduct in advertising, distributing, and placing an inherently dangerous product, with a known and serious risk of harm, into the stream of commerce was reckless, willful, wanton, heedless, and in flagrant disregard to public safety. As a result, Plaintiff is entitled to recover punitive and/or exemplary damages in an amount to be determined by the trier of fact.

## XIII.    CAUSATION OF INJURIES AND DAMAGES

73.     Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

74.     The injuries and damages sustained by Plaintiff more particularly described below, were produced in a natural and continuous sequence from the Defendants' violations of one or more of the above-described independent duties to use ordinary care for the safety of Plaintiff.

75.     The injuries and damages sustained by Plaintiff were a probable consequence from the Defendants' violations of one or more of the above-described independent duties to use ordinary care for the safety of Plaintiff.

76.     Defendants should have foreseen and anticipated that a violation of one or more of the above-described independent duties to use ordinary care and follow the applicable law and regulations would constitute an appreciable risk of harm to others, including Plaintiff.

77.     If Defendants had not violated one or more of the above-described independent duties to use ordinary care and to follow the applicable laws and regulations for the safety of Plaintiff, then Plaintiff would not have been injured.

## XIV.    COMPENSATORY DAMAGES SUSTAINED BY PLAINTIFF

78.     Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

79.    The injuries and damages sustained by Plaintiff because of Defendants' violations of one or more of the above laws and regulations, include, but are not limited to, the following:

a) Physical conscious pain and suffering, past, present, and future from the explosion, aftermath, and recovery;

b) Mental and emotional anguish, past, present, and future from the explosion, aftermath, and recovery;

c) Medical bills, past, present, and future as a result of his injuries; and,

d) Financial losses, including, but not limited to, lost wages suffered by the Plaintiff.

## XV.    AMOUNT OF DAMAGES

80.    Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

81.    Damages to Plaintiff are in excess of the minimum amount required for federal court jurisdiction in diversity of citizenship cases, for which Plaintiff should be awarded a judgment as against the Defendants in an amount to fully and fairly compensate Plaintiff for each and every element of damages that has been suffered.

## XVI.    PUNITIVE DAMAGES

82.    Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

83.    Plaintiff is entitled to recover punitive damages in accordance with Arkansas law, based upon the Defendants' complete indifference to and conscious disregard for the safety of Plaintiff and others, causing or contributing to catastrophic and fatal injuries. Defendants' wanton and reckless acts and omissions occurred under circumstances where their conduct, in total disregard of the consequences, would naturally and probably result in injury or damages to

Plaintiff. Defendants knew or should have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in catastrophic and serious injury and continued this conduct with malice and wanton and reckless disregard for the consequences of its actions for which punitive damages should be awarded.

84.    In addition to actual, special, consequential and compensatory damages, Plaintiff demands a judgment against Defendants for punitive damages in an amount necessary and sufficient to deter Defendants from the above-described conduct and to punish Defendants for their willful, wanton, gross, flagrant, reckless, outrageous, and egregious conduct.

## XVII.    DEMAND FOR JURY TRIAL

85.    Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

86.    Plaintiff demands a jury trial for all issues of fact presented by this action.

## XVIII.    RESERVATION OF ADDITIONAL CLAIMS

87.    Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

88.    Plaintiff reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff Jeremiah Stevens prays that after a jury trial of this action that he be awarded the following: (1) a judgment against Defendants in such an amount that will fully and fairly compensate Plaintiff for all of the above described damages and in an amount in excess of that required for federal court jurisdiction in diversity of citizenship cases; (2) a judgment and verdict against Defendants awarding exemplary or punitive damages as permitted by law; (3) all costs expended herein including attorneys' fees and any expert costs and fees as permitted by law;

(4) a pre- and post-judgment interest award against Defendants to compensate for loss of money and to the extent of and for the reasons permitted by law; and (5) all other proper relief to which he may be entitled in the premises.

Respectfully submitted,

/s/ _____

Beau W. Duty (AR 2023120)
Matthew D. Swindle (2012168)
**Reddick Law Firm**
1 Information Way, Suite 105
Little Rock, AR 72120
501-907-7790 (office)
bduty@reddicklawfirm.com

&

Josh Lewis (LA 33244)
*pending admission pro hac vice*
**Lewis & Lewis**
**427 Chemin Metairie Road**
**Youngsville, LA. 70592**
**(337) 552-2057 (office)**
**(225) 341-8162 (fax)**
**(225) 803-1357 (cell)**
**joshua@jmlewislaw.com**